IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| STEVEN ERIC CHUNG LEE, | : | CIVIL ACTION |
|---|---|---|
| Petitioner | : | |
| | : | |
| v. | : | NO. 10-3678 |
| | : | |
| BRIAN COLEMAN, et al, | : | |
| Respondents | : | |

# O R D E R

**STENGEL, J.**

**AND NOW,** this 7th day of April, 2011, upon careful and independent consideration of the petition for Writ of *Habeas Corpus*, and after review of the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa and the Objections to the Report and Recommendation filed by the Petitioner on January 3 and January 6, 2011 (See Document Nos. 29 and 31), IT IS HEREBY ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED.

2. Petitioner's Objections to the Report and Recommendation are OVERRULED.[1]

---

[1] Judge Caracappa finds, and Mr. Lee does not appear to dispute, that his claim is statutorily time-barred. Mr. Lee argues instead that he is entitled to equitable tolling. His Objections to Judge Caracappa's Report and Recommendation are based on his assertion that he was unable to obtain the expert report of a handwriting analyst until July of 2007, after the time expired during which he could have filed a timely PCRA petition based on this evidence. He claims this report is exculpatory and that he is entitled to equitable tolling of his *habeas corpus* petition.

"Equitable tolling is available 'only when the principle of equity would make the rigid application of a limitation period unfair.'" Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003). "[T]he two general requirements for equitable tolling [are]: (1) that 'the petitioner has in some extraordinary way been prevented from asserting his or her rights;' and (2) that the petitioner has shown that 'he or she exercised reasonable diligence in investigating and bringing [the] claims.'"

2. The petition for Writ of *Habeas Corpus* is DISMISSED.

3. Petitioner's remaining motions (Document Nos. 16, 17, 19, 20, 23, 24 and 26) are **DENIED as moot.**

4. There is no probable cause to issue a certificate of appealability.

5. The Clerk of Court shall mark this case closed for statistical purposes.

BY THE COURT:


/s/ *Lawrence F. Stengel*
LAWRENCE F. STENGEL, J.

---

Id. (quoting Miller v. New Jersey Dep't of Corr., 145 F.3d 616, 618 (3d Cir.1998)).

Judge Caracappa correctly found that Mr. Lee has failed to allege that circumstances exist justifying the use of equitable tolling in his case. He asserts, in his objections to Judge Caracappa's Report and Recommendation, that he did not obtain the expert's report until July of 2007, and that he could not have filed his habeas petition based on the discovery of this evidence until exhausting review of this claim in the state courts. A failure on the part of Mr. Lee or his attorney to obtain this evidence — a report based on the analysis of already-existing evidence — in time to file a timely state PCRA petition does not constitute an extraordinary circumstance justifying the use of equitable tolling. See Massey v. Brooks, No. 07-1567, 2007 WL 3243367 at *4 (E.D.Pa. Oct. 29, 2007) (citing Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) for rule that equitable tolling is inappropriate where petitioner alleged lack of legal resources and legal knowledge); Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) ("In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the "extraordinary" circumstances required for equitable tolling.") *cert. denied* 534 U.S. 944, 122 S.Ct. 323, 151 L.Ed.2d 241.

Mr. Lee also fails to show that he exercised reasonable diligence in investigating his claims. Among the exhibits he filed with his Objections to Judge Caracappa's Report and Recommendation is a letter from the expert who ultimately issued the opinion that Mr. Lee did not write the letters used to convict him. That letter states that the expert performed the handwriting analysis after Mr. Lee contacted her by mail "several times in 2006." Mr. Lee was convicted of the crimes for which he is currently incarcerated on May 14, 2003. His conviction became final, and he filed his first and only timely PCRA petition in 2005. In other words, he waited three years after a guilty verdict was rendered and approximately one year after filing his PCRA petition to begin to investigate the use of an expert's report. This does not constitute diligent pursuit of his rights.